**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MAGOMED MUSLIMOV** | **DOCKET NO. 6:26-cv-0536**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ICE** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §
2241 by *pro se* petitioner Magomed Muslimov on February 20, 2026.  [Doc. 1].

This matter has been referred to the undersigned for review, report, and
recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.
For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and
**DISMISSED WITHOUT PREJUDICE.**

### I.      BACKGROUND

Muslimov filed a petition for writ of habeas corpus arguing that ICE has detained him
beyond the removal period authorized by statute.  [Doc. 1, p. 6].  Muslimov was born in
Russia.  [Doc. 1-2, p. 3].  He entered the United States on July 24, 2024, and was ordered
removed from the United States on June 2, 2025.  [*Id.*].  He appealed the order of removal to
the Board of Immigration Appeals (BIA), who dismissed the appeal on November 20, 2025.
[*Id.*].  He asks this Court to order the Respondents to immediately release him from custody.

### II.  LAW & ANALYSIS

A district court may apply any or all of the rules governing habeas petitions filed
under 28 U.S.C. § 2254 to those filed under Section 2241. *See* Rule 1(b), Rules Governing §
2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases
authorizes preliminary review of such petitions, and states that they must be summarily

dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

Under Section 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that Section 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Muslimov appealed the order of removal to the BIA, his order of removal did not become final until the BIA dismissed the appeal on November 20, 2025. *See* 8 C.F.R. § 1241.1. Therefore, Muslimov has not yet been in post-removal order custody beyond the presumptively reasonable six-month removal period established by *Zadvydas*. Therefore, his *Zadvydas* claim should be dismissed as premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *Kaijage v. Johnson*, 2019 WL 2290001, at *2 (N.D. Tex. Apr.

17, 2019), *adopted by*,  2019 WL 2287858 (N.D. Tex. May 29, 2019); *Saeku v. Johnson*, 2017 WL 4075058, at *3 (N.D. Tex. Sept. 14, 2017); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

### III.    CONCLUSION

For the reasons stated above, Muslimov's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 10th day of March, 2026.

David J. Ayo
United States Magistrate Judge